IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 15-cv-00707-LTB
**AUDREY L. TENNYSON**,

      Plaintiff,

v.

**RICK RAEMISCH**, CDOC Director;
**MICHAEL MILLER**, CCCF Warden;,
**MELINDA McMILLIAN**, CCCF Bookkeeper;
**LOUIS CABLING**; CCCF Head Physician;
**JUDY BREZEDINE**, CCCF Health Serv. Admn.;
**LAURIE KNAPP,** CCCF Clinical Supervisor;
**DOUG ROBERTS**, CDOC-PPMU Medical Monitor; and
**ANTHONY DECESARO**, CDOC Grievance Review Officer,

      Defendants.

**ORDER**

This matter is before the Court on Plaintiff's *pro se* Motion for Preliminary Injunction (ECF No. 5) filed on April 3, 2015. The Court must construe the Motion liberally because Plaintiff is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10TH Cir. 1991). However, the Court should act as an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110. For the reasons stated below, Plaintiff fails to establish a right to preliminary injunctive relief.

The Court may not issue a temporary restraining order or preliminary injunctive relief unless Plaintiff shows, in part, "that immediate and irreparable injury, loss, or damage will result . . . before the adverse party can be heard in opposition." Fed. R. Civ. P. 65(b)(1)(A). Further, Plaintiff must certify in writing the efforts she made to give notice and the reasons why it should not be required." Fed. R. Civ. P. 65(b)(1)(A).

The primary purpose of injunctive relief is to preserve the status quo pending a final determination of the parties' rights. *Otero Savings and Loan Ass'n v. Federal*

*Reserve Bank of Kansas City, Mo.*, 665 F.2d 275 (10th Cir.1981).  A plaintiff seeking a TRO or preliminary injunction must establish (1) a substantial likelihood of success on the merits; (2) irreparable injury to the plaintiff if the injunction is denied; (3) the threatened injury to the plaintiff outweighs the injury to the party opposing the preliminary injunction; and (4) the injunction would not be adverse to the public interest. *Dominion Video Satellite, Inc. v. Echostar Satellite Corp.*, 269 F.3d 1149, 1154 (10th Cir. 2001); *see also SCFC ILC, Inc. v. Visa USA, Inc.*, 936 F.2d 1096, 1098 (10th Cir. 1991).

Even if Plaintiff had satisfied all of the procedural requirements for obtaining *ex parte* relief pursuant to Rule 65(b)(1), the Court finds that preliminary injunctive relief is not appropriate in this case.  Because a preliminary injunction "is an extraordinary remedy, the [plaintiff's] right to relief must be clear and unequivocal." *Dominion Video*, 269 F.3d at 1154.  Plaintiff has not argued all required factors to establish his right to temporary injunctive relief.  Plaintiff has not demonstrated a substantial likelihood of success on the merits of his claims or that he will suffer irreparable injury if he does not receive free toiletries and a free prescription for Zantac, particularly when these items are available through the commissary.  Accordingly, it is

**ORDERED** that the Plaintiff's Motion for Preliminary Injunction (ECF No. 5) filed on April 3, 2015, is **DENIED**.

DATED at Denver, Colorado, this   17th   day of    April         , 2015.

BY THE COURT:

   s/Lewis T. Babcock                         
LEWIS T. BABCOCK, Senior Judge
United States District Court