**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Chief Judge Marcia S. Krieger**

**Civil Action No. 15-cv-00707-MSK-CBS**

**AUDREY L. TENNYSON,**

    **Plaintiff,**

**v.**

**RICK RAEMISCH, CDOC Director;
MICHAEL MILLER, CCCF Warden;
MELINDA McMILLIAN, CCCF Bookkeeper;
LOUIS CABLING, CCCF Head Physician;
JUDY BREZEDINE, CCCF Health Serv. Admin.;
LAURIE KNAPP, CCCF Clinical Supervisor; and
DOUG ROBERTS, CDOC-PPMU Medical Monitor,**

    **Defendants.**

---

## ORDER ADOPTING MAGISTRATE JUDGE'S RECOMMENDATIONS

**THIS MATTER** comes before the Court on Plaintiff, Audrey L. Tennyson's Objection **(#70)** to the Magistrate Judge's Recommendation **(#66)**. Also outstanding are three additional Recommendations of the Magistrate Judge (**#64, 65,** and **67**), to which there are no timely filed objections.

**I.  Background**

Mr. Tennyson initiated this *pro se* 42 U.S.C. § 1983 action against several Colorado Department of Corrections (CDOC) officers for allegedly requiring him to purchase medication for gastro-esophageal reflux disease from the prison canteen rather than providing it to him without cost as a prescribed medication. Prior to bringing suit, Mr. Tennyson invoked the prison grievance review procedure. After his grievances were denied, he initiated this lawsuit.

1

## II. Standard of Review

The Court reviews the Magistrate Judge's recommendation on dispositive motions *de novo*. *See* Fed. R. Civ. P. 72(b)(3); *United States v. One Parcel of Real Property*, 73 F.3d 1057, 1060 (10th Cir. 1996). When a recommendation resolves a non-dispositive matter, the Court may only set aside the any part of the recommendation's order that is clearly erroneous or contrary to law. *See* Fed R. Civ. P. 72(a). Because Mr. Farrell appears *pro se*, the Court reviews his pleadings (including his complaint and objections) liberally, and holds them to a less stringent standard than those drafted by attorneys. *Haines v. Kerner*, 404 U.S. 519, 520 (1972); *Trackwell v. United States Government*, 472 F.3d 1242, 1243 (10th Cir. 2007).

## III. Dismissal of claim against Mr. DeCesaro

Mr. Tennyson named, among other defendants, Anthony DeCesaro in his capacity as the CDOC Grievance Review Authority Officer, alleging that Mr. DeCesaro improperly denied Mr. Tennyson's administrative grievance.

The claim against Mr. DeCesaro was dismissed by this Court, *sua sponte*, (**#17**), upon the determination that the Complaint failed to show any unconstitutional conduct by Mr. DeCesaro as required by 42 U.S.C. § 1983. The Court found that the law is clear that if a defendant's only purported role in an alleged constitutional violation is denying a grievance filed seeking redress for such violation, that defendant has not personally participated in the violation for purposes of establishing § 1983 liability. Because the Complaint makes no assertions against Mr. DeCesaro other than that he denied Mr. Tennyson's grievance, the claim against Mr. DeCesaro was dismissed.

Mr. Tennyson filed a Motion to Reconsider the Dismissal of Anthony DeCesaro (**#30**), arguing that dismissal of this claim was improper because Mr. DeCesaro "acquiesced" in the

violations by "disregard[ing]" his responsibility to review Mr. Tennyson's grievances, and by "conspir[ing] to agree with prison officials in denying virtually all prisoner complaints." He further contended that Mr. DeCesaro's authorization of unlawful prison policies is sufficient individual participation to support a claim against him.

The Magistrate Judge reviewed and denied Mr. Tennyson's Motion for Reconsideration for several reasons (**#66**). The Magistrate Judge first iterated that the law requires individual participation in unconstitutional conduct to establish § 1983 liability. Then, he reiterated that when the only alleged action taken by a defendant is denial of an administrative grievance, the requisite personal participation of the defendant in the allegedly unconstitutional conduct has not been asserted. Finally, he found that Mr. Tennyson failed to demonstrate any error of law or fact, or newly discovered evidence that warranted reconsideration.

The Court finds no error in the original dismissal or the Magistrate Judge's recommendation that the motion to reconsider be denied. Under Tenth Circuit jurisprudence, as well as opinions from this Court, it is clear that § 1983 liability requires personal participation in the alleged constitutional violation. *See Dodds v. Richardson*, 614 F.3d 1185, 1194 (10th Cir. 2010); *Gallagher v. Shelton*, 587 F.3d 1063, 1069 (10th Cir. 2009). Indeed, where the allegations against a particular defendant are limited to that defendant's denial of an administrative grievance without any further connection to the underlying violation of constitutional rights, the requisite personal participation is not established. *See Gallagher*, 587 F.3d at 1069; *see also Bertolo v. Benezee*, 601 Fed App'x 636, 639 (10th Cir. Feb. 4, 2015); *Whitington v. Ortiz*, 307 Fed. App'x 777, 780 (10th Cir. Jan. 13, 2009); *Handy v. Russell*, No. 12-cv-02285, 2012 WL 5869161, *3 (D. Colo. Nov. 19, 2012).

Mr. Tennyson's contention that Mr. DeCesaro "acquiesced" in the alleged constitutional violation or conspired with other defendants in denying his grievance does not change the nature of the conduct at issue – denial of the grievance. A contention that Mr. DeCesaro authorized unlawful prison policies is not alleged in the Complaint, nor has Mr. Tennyson offered anything other than summary conclusions, which do not prevent dismissal of the claim.

**IV.     Remaining Recommendations**

Simultaneous to its Recommendation on Mr. Tennyson's Motion to Reconsider the Dismissal of Mr. DeCesaro, the Magistrate Judge issued two additional Recommendations. First, the Magistrate Judge recommended that Mr. Tennyson's Motion for a Temporary Restraining Order (**#46)** be denied (**#64**). Second, the Magistrate Judge recommended that Mr. Tennyson's Combined Motion to Reconsider, Alter, or Amend Stricken Plaintiff and to Consolidate Both Actions or for Class Certification (**#33**) be denied (**#67**). Proper notice of the opportunity to object was given, but no objection was timely filed. Finding no clear error in the Recommendations, they are adopted.

The Magistrate Judge also issued a Recommendation (**#65**) on Defendants', Rick Raemisch and Doug Roberts, Motion to Dismiss (**#54**). Mr. Tennyson sued these defendants in both their official and individual capacities, contending that Mr. Raemisch and Mr. Roberts, who serve as the CDOC Executive Director and the CDOC Medical Monitor, respectively, permitted Eighth Amendment violations to be perpetrated against Mr. Tennyson though policies that denied him sufficient funds to purchase medicine.

The Magistrate Judge recommended that Defendants' Motion to Dismiss be granted in part and denied in part. The Magistrate Judge recommended dismissal of the claims against Mr. Raemisch and Mr. Roberts in their individual capacities, concluding that Mr. Tennyson failed to

4

allege any personal participation or plead an affirmative link between these supervisors' policy determinations and the violation as required to state an Eighth Amendment claim. As for the claims against the Defendants in their official capacities, the Magistrate Judge concluded that these are, in actuality, claims against the State of Colorado. Finding that the State of Colorado is entitled to Eleventh Amendment immunity, the Magistrate recommended that Mr. Tennyson's claim, as he seeks monetary relief, be dismissed, but recommended that Mr. Tennyson be permitted to proceed with a claim for injunctive relief.

Proper notice of the opportunity to object was given and no party timely filed any objection to the Recommendation on Mr. Raemisch's and Mr. Roberts's Motion to Dismiss. Finding no clear error, the Court adopts the Recommendation (**#65**).

## V.   Conclusion

The Court HEREBY **ADOPTS** the Recommendations of the Magistrate Judge (**#64, 65, 66,** and **67) which now become the Orders of the Court.**

Dated this 24th day of February, 2016.

                                                      **BY THE COURT:**

*(signature: Marcia S. Krieger)*

                                                      Marcia S. Krieger
                                                      Chief United States District Judge